UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
EASTON STEVENS,

                        Plaintiff,

     - against -

HMSHOST CORPORATION, et al.,

                        Defendants.
---------------------------------------------------------x

**MEMORANDUM & ORDER**

10-CV-3571 (ILG) (VVP)

GLASSER, Senior United States District Judge:

      Plaintiff Easton Stevens brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., against defendants HMSHost Corporation, Host International, Inc., and Host Services of New York, alleging that he and other assistant managers employed by defendants were misclassified as exempt from the FLSA's overtime requirements. Although plaintiff sought to conduct this case as a collective action pursuant to 29 U.S.C. § 216(b), and received conditional certification to do so on June 15, 2012 (Dkt. No. 49), this Court revoked that certification after discovery had concluded by order dated August 27, 2014 (Dkt. No. 174, the "Decertification Order"), on the grounds that the members of the opt-in class were not sufficiently similarly situated to one another to warrant proceeding on a collective basis. Familiarity with those prior orders and the facts underlying this case, as set forth therein, is presumed here.

      Plaintiff now moves this Court for an order that would certify the Decertification Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).[1] Defendants oppose the

---

[1] Plaintiff had also moved to stay this action pending the Second Circuit's decision on a prior appeal of the decertification order made pursuant to the collateral order doctrine, but the Circuit dismissed that appeal on December 30, 2014, rendering that motion moot.

1

motion on the grounds that it is untimely and meritless. For the following reasons, plaintiff's motion is DENIED.

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 1292(b), a district court may, in its discretion, certify an interlocutory order for appeal if it believes that the order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation. E.g., SEC v. Credit Bancorp, Ltd., 103 F. Supp. 2d 223, 226 (S.D.N.Y. 2000) (citations omitted). The Second Circuit has repeatedly emphasized that interlocutory appeals are an exception to the policy against piecemeal appellate review, and that certification is warranted only in exceptional cases. E.g., Flor v. BOT Fin. Corp. (In re Flor), 79 F.3d 281, 284 (2d Cir. 1996) (collecting cases). Thus, a party must demonstrate that "'the precise conditions'" set forth in Section 1292(b) are met before a court will certify a decision for interlocutory review. See Credit Bancorp, 103 F. Supp. 2d at 226 (quoting Gottesman v. Gen. Motors Corp., 268 F.2d 194, 196 (2d Cir. 1959)). Even when both conditions are satisfied, "'district courts have unfettered discretion to deny certification if other factors counsel against it.'" Persaud v. Caribbean Airlines Ltd. (In re Air Crash at Georgetown, Guyana, on July 30, 2011), 33 F. Supp. 3d 139, 154 (E.D.N.Y. 2014) (quoting Transp. Workers of Am., Local 100, AFL-CIO v. N.Y.C. Transit Auth., 358 F. Supp. 2d 347, 351 (S.D.N.Y. 2005)).

## DISCUSSION

### I. Timeliness

Defendants' opposition to plaintiff's motion on grounds that he "did not seek permission to appeal from that interlocutory order within 10 days of the Decertification

Order . . ." (Dkt. No. 185 at 2) is a misplaced reading of that statute and wrong. See, e.g., Richardson Elecs., Ltd. v. Panache Broad. of Pa., Inc., 202 F.3d 957, 958 (7th Cir. 2000) (finding that "[t]here is no time limit in the statute or in any applicable rules for seeking the district judge's permission to appeal under [Section] 1292(b)"); Marisol A. ex rel. Forbes v. Giuliani, 104 F.3d 524, 526 (2d Cir. 1996).

## II. Merits

Plaintiff argues that the Decertification Order should be certified for interlocutory review because it would allow the Second Circuit to add its own voice to the disparate views of other courts regarding the proper standard for certification of an FLSA collective action. That, in turn, plaintiff claims, would materially advance the termination of this case. Defendants respond that there is neither a controlling question of law inherent in the Decertification Order nor a substantial ground for difference of opinion over the standard it applied, and add that an immediate appeal would not advance the termination of this case.

The Second Circuit has never articulated a definitive standard by which a motion for final certification of an FLSA collective action should be decided, but in ruling on such a motion in this case, this Court employed the same "ad hoc, case-by-case approach" to the facts used by countless other courts, noting that "a variety of factors" could be considered and focusing on "'(1) the disparate factual and employment settings of the individual plaintiffs; (2) the defenses available to defendants which appear to be individual to each plaintiff; and (3) fairness and procedural considerations that counsel for or against maintaining a collective action.'" Decertification Order at 8 (quoting Gardner v. W. Beef Props., No. 07-CV-2345, 2013 WL 1629299, at *4 (E.D.N.Y. Mar. 25, 2013), rep't & rec. adopted sub nom White v. W. Beef Props., 2013 WL 1632657

3

(E.D.N.Y. Apr. 16, 2013)). Plaintiff argues that this standard was misapplied and conflicts with other standards used in this Circuit, which place emphasis on "whether plaintiffs are subject to a 'single decision, policy, or plan'" (quoting <u>Alonzo v. Uncle Jack's Steakhouse, Inc.</u>, No 08 Civ. 7813, 2011 WL 4389636, at *3 (S.D.N.Y. Sept. 21, 2011)), as well as the standards adopted by the Third and Eleventh Circuits. <u>See</u> Dkt. No. 184 at 1-2, 6-14. His first argument is merely an attempt to relitigate the dueling motions that led to the Decertification Order, and the Court will not entertain it. His second argument is meritless, for the reasons set forth below.

### A. Absence of "Single Decision, Policy, or Plan" Language

A cursory reading of the Decertification Order reveals plaintiff's claims regarding the Court's alleged failure to consider whether the opt-in plaintiffs were subject to a single decision, policy, or plan to be totally without merit. The Court did consider the decisions, policies and plans of defendants when analyzing the employment settings of the individual plaintiffs. The Decertification Order specifically notes that the opt-in plaintiffs were subject to blanket classifications by defendants, worked under certain uniform corporate policies, and received uniform training. It then went on to note that all of these factors, while "evidence of similarity," did not "'automatically qualify the employees as similarly situated, nor eliminate the need to make a factual determination as to whether class members are actually performing similar duties.'" Decertification Order at 9-10 (quoting <u>Gardner</u>, 2013 WL 1629299, at *7).

The Court then conducted an evidentiary analysis of the deposition testimony of the proposed class members and found that defendants' uniform policies were outweighed by the actual differences between the tasks and duties of the putative class members. It therefore held that allowing this case to proceed as a collective action

would not be warranted. See id. at 10-12 (citing Johnson v. Big Lots Stores, Inc., 561 F. Supp. 2d 567, 592 (E.D. La. 2008)). Plaintiff takes exception to the Court's conclusions, but his disagreement with the Court is not the ground for a difference of opinion contemplated by the statute.

### B. Other Courts' Approaches

Neither the Third Circuit nor the Eleventh Circuit cases that plaintiff cites as potential grounds for differences of opinion on the law actually present such differences. In Zavela v. Wal-Mart Stores, Inc., the Third Circuit adopted an ad hoc approach to final certification that "considers all the relevant factors and makes a factual determination on a case-by-case basis." See 691 F.3d 527, 536 (3d Cir. 2012). Its list of relevant factors included, but was not limited to, "whether plaintiffs are employed in the same corporate department, division, and location; whether they advance similar claims; whether they seek substantially the same form of relief; and whether they have similar salaries and circumstances of employment." Id. at 536-37. It also noted that "[p]laintiffs may also be found dissimilar based on the existence of individualized defenses." Id. at 537. All of the above factors were considered in this Court's Decertification Order, even if it did not use Zavela's language. Plaintiff's reliance upon that case is plainly misplaced.

In the Eleventh Circuit's decision in Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233 (11th Cir. 2008), the court focused on the very same factors as this Court did in its Decertification Order. It cited the leading case of Thiessen v. General Electric Capital Corporation, 267 F.3d 1095 (10th Cir. 2001), which held the ad hoc, case-by-case approach to be the best in determining whether putative class members were similarly

5

situated to plaintiff employees.[2]  It also quoted approvingly the factors courts should consider in a motion for final certification, such as "'(1) disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendant[s] [that] appear to be individual to each plaintiff; [and] (3) fairness and procedural considerations[.]'"  See Morgan, 551 F.3d at 1261 (quoting Anderson v. Cagle's, Inc., 488 F.3d 945, 953 (11th Cir. 2007)) (alterations per Morgan).  Following a brief amplification of those factors, the Eleventh Circuit concluded that "ultimately, whether a collective action is appropriate defends largely on the factual question of whether the plaintiff employees are similarly situated to one another."  See id. at 1261-62.

Here, as in Morgan, the Decertification Order discussed the facts and concluded that the purported opt-in plaintiffs in this case were not similarly situated.  "[T]here is no further work to be done" on the subject.  See Zavela, 691 F.3d at 535.  "The similarities among the proposed plaintiffs are too few, and the differences among the proposed plaintiffs are too many."  Id. at 537-38.  Given the overwhelming agreement between district and circuit courts as to the propriety of the factors this Court considered in reaching that conclusion, it cannot be said that there are grounds for substantial differences of opinion on a controlling question of law.  Plaintiff's motion is therefore denied.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to certify the Decertification Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) is DENIED.  Plaintiff's motion

---

[2] Thiessen concerned the Age Discrimination in Employment Act, whose collective-action provision, 29 U.S.C. § 626(b), "expressly borrows the opt-in class action mechanism of the [FLSA]." See 267 F.3d at 1102.

for a stay pending the resolution of his now-dismissed appeal pursuant to the collateral order doctrine is DENIED as moot.

SO ORDERED.

Dated:   Brooklyn, New York
         March 4, 2015

/s/
I. Leo Glasser
Senior United States District Judge