# Exhibit C

## Settlement Agreement

This Settlement Agreement (the "Agreement") is executed on July 20, 2016, and sets forth the terms respecting settlement of claims (the "Settlement") by and between the Named Plaintiff and Putative Opt-ins (collectively, the "Plaintiffs") in *Easton Stevens v. HMSHost Corporation et al.*, Case No. 1:10-cv-3571-ILG-PK (E.D.N.Y.) ("*Stevens*"), represented by Klafter Olsen & Lesser LLP ("KOL"),  and HMSHost Corporation, Host International, Inc., Host Services of New York, Inc., and HMSHost Tollroads, Inc. (collectively "Host"), represented by Baker & Hostetler LLP. Plaintiffs and Host are collectively referred to as the "Parties."

## RECITALS

**A.**     The Named Plaintiff, a former assistant manager employed by Host Services of New York, Inc., filed *Stevens* in the United States District Court for the Eastern District of New York, claiming that Host improperly misclassified him as an exempt employee under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") and, accordingly, owed him and other similarly classified assistant managers overtime compensation;

**B.**     In its Answer to the Named Plaintiff's Complaint, Host denied that either the Named Plaintiff or any other assistant manager was improperly classified as exempt;

**C.**     The *Stevens* court subsequently granted conditional certification of the case as an FLSA collective action, and approximately 275 individuals filed notices of consent to join the action.  Thereafter, however, the court granted Host's motion to decertify the class;

**D.**     Since decertification, a number of Putative Opt-Ins – still represented by KOL – have filed individual actions alleging the same FLSA violations as alleged in *Stevens* in various courts throughout the country.  At the time that the Parties first reached an agreement in principle on this matter, there were sixteen (16) such lawsuits that are active, involving thirty-six (36) Putative Opt-Ins in fifteen (15) different jurisdictions (collectively, the "Spin-Off Plaintiffs").  A listing of the cases and the Spin-Off Plaintiffs is contained in Exhibit "A.";

**E.**     Moreover, there are twenty-six (26) additional Putative Opt-Ins who have expressed a desire to file their own individual lawsuits, but who have not yet done so in accordance with a tolling agreement executed by counsel for the Parties (the "Tolled Plaintiffs"). A listing of the Tolled Plaintiffs is contained in Exhibit "B"; and

**F.**     The Parties have negotiated a settlement in good faith and are entering into this Agreement for the purposes of settling, compromising and resolving any and all claims that all of the Plaintiffs (including Spin-Off Plaintiffs and the Tolled Plaintiffs) may have against Host.

**G.**     In the interest of judicial economy and efficiency, the Parties have agreed to seek judicial approval of their settlement.  The Parties in the first instance have sought approval by the *Stevens* court; should that court refuse to approve the settlement in full, the Parties will seek approval in one or more alternate courts.

**NOW, THEREFORE,** in consideration of the mutual covenants and promises set forth below and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties expressly, knowingly and voluntarily agree as follows:

1.  <u>Settlement Payment</u>.  Subject to the terms of this Agreement, KOL, for and on behalf of Plaintiffs, has agreed to accept from Host a single combined payment of the amount of $1.29 million, inclusive of attorneys' fees and costs (the "Settlement Payment"), in settlement and full satisfaction of the claims against Host asserted by Plaintiffs.  In no event will Host's liability under this Agreement exceed the amount of the Settlement Payment.

2.  <u>Allocation of Settlement Payment</u>.  The allocation of the Settlement Payment will be based upon information concerning the workweeks of the Named Plaintiff, the Spin-Off Plaintiffs, and the Tolled Plaintiffs provided by Host.  In addition to computing the above allocation, KOL will allocate the amount of $400 for each Plaintiff who is neither the Named Plaintiff, a Spin-Off Plaintiff nor a Tolled Plaintiff.

3.  <u>Settlement Administration and Notice Cost</u>. The costs of notice and claims administration shall be paid by KOL out of the Settlement Payment.  The settlement will be administered by Simpluris ("Settlement Administrator").  KOL and Defendants' counsel will reach an agreement as to the form and content of all communications that the Settlement Administrator will disseminate.

4.  <u>Judicial Approval of Settlement</u>.  Host has provided a draft motion and form of order by which the Parties will in good faith jointly seek: (a) preliminary judicial approval of the Settlement; (b) approval of the Notice of Proposed Settlement of Lawsuit to be sent to the Plaintiffs ("Notice") (in the form attached hereto as Exhibit "C"); and (c) the setting of a final fairness hearing for the purpose of determining whether the settlement should be finally approved by the Court as fair, reasonable, and adequate.  Plaintiffs approve of the same.  As soon as practicable following the Court's preliminary approval of this Settlement Agreement and attached Notice, KOL will provide a copy of the Notice of Proposed Settlement to the Spin-Off Plaintiffs and Tolled Plaintiffs.  As to the Plaintiffs who are neither the Named Plaintiff, a Spin-Off Plaintiff nor a Tolled Plaintiff, the Settlement Administrator will send a Notice via First Class United States mail, postage prepaid to each such Plaintiff at the addresses supplied by KOL.  Plaintiffs shall be given 60 days from the date of the mailing of the Notice in which to submit the documentation required (if any) to receive payment under this Settlement Agreement.  The Parties agree to petition the Court to hold a final fairness hearing and to enter a Final Judgment and Order dismissing this action with prejudice on a date to be scheduled by the Court.

5.  <u>Stay of Pending Litigation</u>.  The parties agree to an immediate stand down from all litigation activities.  Plaintiffs and KOL agree to cease all solicitation activities and any assistance thereto.

6.      Plaintiffs' Establishment of Contingency Fund.  From the Initial Payment, Plaintiffs shall allocate $5,000.00 to a contingency fund designed to effectuate the purposes of this agreement. Within 2 days of the expiration date of the tolling period for rejecters, any remaining balance shall be contributed as a donation to a 501(c)(3) non-profit organization as reasonably designated by KOL and Host.

7.      Plaintiffs' Approval of Settlement.  Treatment of Settlement Payment Allocated to Non-settling Plaintiffs.

        a.      KOL will recommend the terms of the Settlement to all Plaintiffs and provide to Defendants written acceptances and releases executed by Named Plaintiff, the Spin-Off Plaintiffs and Tolled Plaintiffs.  The Settlement Administrator shall collect and provide to Defendants written acceptances and releases from the remaining Plaintiffs.  Should the Named Plaintiff, any of the Spin-Off Plaintiffs or Tolled Plaintiffs, or more than 10% of the remaining Plaintiffs (by number of Plaintiffs or by amount of claims, determined by reference to the allocation to be provided pursuant to paragraph 2 above) fail to execute and deliver written acceptances and releases by the deadline for submitting documentation to receive payment under the settlement set forth in paragraph 4, above, Defendants shall have the right, in their sole discretion, to rescind this Agreement in accordance with the terms of paragraph 14, below.

        b.      Portions of the Settlement Payment allocated to Plaintiffs failing to accept the Settlement will be reallocated by KOL to the Plaintiffs accepting the Settlement. If, after reasonable efforts, KOL is unable to locate Plaintiffs to obtain an acceptance or rejection, the claims of such Plaintiffs (if any) shall be dismissed and portions of the Settlement Payment allocated to such Plaintiffs shall be added to the contingency fund described in paragraph 6.

8.      Release.  Plaintiffs wishing to accept the Settlement shall execute a general release (including, without limitation, a release of all FLSA and other wage and hour or similar claims under federal, state and common laws) in favor of Host and all other persons, companies or other entities identified in said release.   A copy of the form of the release is attached hereto as Exhibit "D."

9.      Plaintiffs' Characterization of Settlement Payment.  The Settlement Payment paid to Plaintiffs (as opposed to that portion of the Settlement Payment paid to KOL) will be characterized by Plaintiffs in two ways. One hundred dollars ($100) of the amount will be paid and reported as payment in exchange for a Plaintiff executing a general release with each Plaintiff receiving an IRS Form 1099.  As to the remaining amount, half will be paid and reported as wages for tax purposes with each Plaintiff receiving an IRS Form W-2 for this portion of the Settlement Payment.  The other half of such amounts will be paid and reported as liquidated damages with each Plaintiff receiving an IRS Form 1099. A claims administrator selected by Host and KOL shall be responsible for calculating the amounts of withholding.  Host shall be responsible for the calculation and payment of the employer's share of payroll taxes.

10. <u>Payment of Settlement Amount</u>.  Host shall cause to be paid the Settlement Payment within twenty (20) business days of the final judicial approval of this Agreement.  All such payments shall be paid to the Settlement Administrator selected by Host and KOL, and said administrator shall receive and hold such funds in trust for and on behalf of Plaintiffs, to be distributed strictly in accordance with the terms of this Agreement and KOL's engagement agreement with the Plaintiffs.

11. <u>No Admission of Liability</u>.  The Parties stipulate that the Settlement reflects a settlement of disputed and contested claims and issues and does not reflect or in any way shall be deemed to be an admission of liability or wrongdoing by any Party.

12. <u>Confidentiality</u>.  Plaintiffs (on their own behalf and on behalf of their counsel) agree that neither they nor their counsel shall disclose, publicize or make public statements about this settlement or its terms, except as required by law to secure approval of this settlement. After Final Approval, Plaintiffs' counsel may disclose facts related to this action and settlement only as allowed by rules of professional responsibility, subject to the requirements of this paragraph, to the extent the requirements of this paragraph do not conflict with the rules of professional responsibility. The parties understand and agree that disclosure of the terms of this Agreement to the Court in connection with seeking the Court's approval of this Agreement in the Civil Action is not in violation of this confidentiality provision. ***Nothing in this Settlement shall preclude the Parties from filing this Agreement in support of a joint motion for approval of this Settlement or in an action with respect to the enforcement or interpretation of this Agreement.***

13. <u>No Re-Employment</u>.  To the extent that a Plaintiff no longer is employed by Host, that Plaintiff disclaims and waives any right of reinstatement of future employment with Host, the Releasees (as defined in the release signed by Plaintiff) or any successors or assigns thereof, and further agrees not to seek employment with Host, the Releasees, or any successors and assigns thereof, now or at any future time.  This Agreement shall constitute a legitimate, nondiscriminatory reason and non-retaliatory reason for refusal to employ a Plaintiff.

14. <u>Effective Date; Host's Right of Rescission</u>.

   a. The Settlement shall be effective on the "Effective Date," which shall be the later of the date on which the Parties execute this Agreement or when it is approved by the Court.

   b. In the event KOL fails to obtain the Plaintiffs' approval of the Settlement as required by paragraph 7 hereof, Host may, in its sole discretion:

      i. waive such condition; or

      ii. declare KOL and Plaintiffs to be in default of the Settlement and rescind the Settlement, in which case all amounts paid to KOL and/or Plaintiffs prior thereto shall be disgorged and repaid to Host, and all claims released pursuant to the terms hereof shall be reinstated as if the Settlement had not occurred.

4
609351966.1

c.   In the event the Settlement is not approved by the Court, or the Court does not agree to resolve all cases (including claims of the Spin-Off Plaintiffs or Tolled Plaintiffs), the Settlement shall be voidable by either party, in which event Plaintiffs' claims shall be reinstated (to the extent that they exist at all) against Host.

c.   Subsequent to the Effective Date, and in the event of a breach of the Settlement by Host, Plaintiffs and KOL shall have the rights and remedies afforded them by law.

d.   In the event the Settlement is avoided by a final and non-appealable order of a court of competent jurisdiction and KOL and/or the Plaintiffs are required to, and do, disgorge all amounts received from Host prior thereto, Plaintiffs' claims against Host, to the extent that they exist as of the date this Agreement is signed, shall be deemed reinstated as if the Settlement had not occurred.

e.   The lawsuits involving the Spin-Off Plaintiffs having been dismissed, upon the Effective Date, the *Stevens* lawsuit will be dismissed with prejudice, with each party to bear his, her, or its own costs and attorney fees.

**PLAINTIFFS:**

By:_____
Seth R. Lesser
**KLAFTER OLSEN & LESSER LLP**
Two International Drive, Suite 350
Rye Brook, New York 10573

**DEFENDANTS:**

By:_____
Patrick M. Muldowney
**BAKER & HOSTETLER LLP**
200 South Orange Avenue, Suite 2300
Orlando, Florida 32801

5
609351966.1

# Exhibit A

# EXHIBIT A: List of Spin-Off HMS Cases

| CASE NAME | PLAINTIFF(S) NAME(S) | COURT | DOCKET NO. |
|---|---|---|---|
| MCPHERSON | PATRICIA MCPHERSON, DHROPATIE KAWALSINGH | EDNY | 1:15cv0959 |
| MALIK | RITA ST. GEORGE | DNJ | 3:15cv1607 |
| WALLS | JOSEPH WALLS, DAWN STIGER, DAVID HILL, and MELINDA SEXTON | N.D. Ohio | 1:15cv0564 |
| MARTIN | BRIDGETTE MARTIN, GREGORY HERNDON, ADRIAN OTTEY, TERRY PEOPLES, APRIL CLAYTON | N.D. Ga | 1:15cv0835 |
| CHAO | CLINTON HARTMAN, IRA STONE, JOAQUIN CHAO, and VICKIE WILLINGHAM | S.D. Fla. | 0:15cv60616 |
| BENEDETTO | MARK BENEDETTO, OSCAR MIDDLETON, RICKY MALIN and RYAN JENSEN | N.D. Tex. | 3:15cv0947 |
| MIGALA | VERONICA MOODY | DNJ | 3:15cv2305 |
| BUY | SOPHAL BUY, DANIEL DIXON, and MICHELE SIMPSON | D. Nev | 2:15cv0628 |
| REZNIK | JON REZNIK, DIAN LATHAN, TIMOTHY JOHNSON, RANDALL JOHNSON | E.D. Mo. | 4:15cv0648 |
| VRANEK | GUVEN ERGUVEN | E.D. Wisc. | 15cv0504 |
| FROST | NADINE FROST | D. Del. | 1:15cv0324 |
| LILES | STEVEN LILES, FRANK CRUMP | D. Ariz. | 2:15cv0935 |
| OANA | OTILIA OANA | D. Or. | 3:15cv0922 |
| D'ADDARIO | RICHARD D'ADDARIO | D. Mass. | 1:15cv11931 |
| EVERTON | SHARI EVERTON | D.R.I. | 1:15cv0244 |
| LORUSSO | ROSA LORUSSO | M.D. Fla. | 6:15cv1013 |

# Exhibit B

## TOLLING AGREEMENT

This Agreement is made by and between HOST INTERNATIONAL, INC., HOST SERVICES OF NEW YORK, INC., HMSHOST TOLLROADS, INC., HMS HOST FAMILY RESTAURANTS, INC., and HMS HOST USA, LLC (collectively, "Host"), and the following twenty-six (26) individuals (collectively, "Plaintiffs"):

1. Pierre Baker
2. Jonathan Campbell
3. Tammy Cole
4. Delano Daughty
5. Miguel Delgado
6. Kathleen Divizio
7. Amgad Girgis
8. Derrick Granberry
9. Steven Grieco
10. Mailk Hammad
11. Abrahanmy Hernandez
12. William Holmes
13. Paul Maguire
14. Cavel Malcolm
15. Gordon Page
16. Joseph Pantanella
17. Don Ramdeen
18. Johnny Shaw
19. Christal Smith
20. Haralambos Soulis
21. William Taborn
22. Ulysses Tobias
23. Vashuna Thomas
24. Autumn Wiley
25. Janine Williams
26. Joe Wilson

WHEREAS Plaintiffs are all former opt-in collective action members in the decertified collective action pending in the United States District Court for the Eastern District of New York, styled *Easton Stevens v. HMSHost Corporation et al.,* Case No. 1:10-cv-03571-ILG-VVP (the "*Stevens* action"), which asserted claims under the Fair Labor Standards Act, 29 U.S.C.§ § 201 *et seq.* ("FLSA") and analogous New York state law;

WHEREAS other former class members in the *Stevens* action have filed individual claims alleging FLSA claims and (in some instances) analogous state law against Host subsequent to decertification of the class in the *Stevens* action;

WHEREAS Plaintiffs have authorized their counsel to initiate individual lawsuits against Host in connection with their respective FLSA claims;

WHEREAS counsel for Plaintiffs and Host have agreed that it is beneficial to all of the parties to refrain from further proliferation of litigation while the parties discuss possible resolution of the above-mentioned actual and threatened litigation;

Error! No property name supplied.

NOW THEREFORE, for good and sufficient consideration, the receipt of which is hereby acknowledged, Plaintiffs and Host hereby agree as follows:

1.      <u>Tolling Provision</u>.  The statute of limitations on any claim under the FLSA or analogous state wage and hour laws shall stop running against any Plaintiff who provides Host with proof satisfactory to Host's counsel that he or she has authorized counsel to initiate an individual lawsuit on his her behalf for the period July 17, 2015 until this Agreement is terminated in accordance with Paragraph (2) herein ("Tolling Period").  Neither party shall put forward or rely upon the Tolling Period as a bar or laches or for any other purpose to defeat such a claim.  This paragraph does not apply to claims made to enforce this Agreement, claims not governed by the FLSA or analogous state wage and hour statutes, or claims made by persons other than Plaintiffs.  Nothing contained in this Agreement shall be deemed as an admission by any party with respect to any allegations, defenses (other than laches or statute of limitations for the Tolling Period only) or claims.

2.      <u>Duration</u>.  Once executed, this Agreement is effective as of July 17, 2015, and shall terminate fourteen (14) days from the date that either party gives written notice to the other of its cancellation.

3.      <u>Use of Agreement</u>.  During the Tolling Period, Plaintiffs shall refrain and forebear from commencing, instituting or prosecuting any lawsuit, action or other proceeding against Employer raising FLSA and/or analogous state wage and hour law claims.  Except as specifically stated, this Agreement shall not be deemed to constitute a waiver of any rights, claims or defenses of the parties to this Agreement, nor shall it be deemed to limit or affect any defense based upon the statute of limitations, laches or any other limitations (whether equitable, statutory, contractual or otherwise) to the extent such defense could have been asserted on or before the date this Agreement was executed.

4.      <u>Modification</u>.  This Agreement can be modified only in a writing signed by the parties.  This Agreement shall constitute the entire understanding between the parties concerning the subject matter of this Agreement and supersedes and replaces all prior negotiations, proposed agreements, and agreements, written or oral, relating to this subject.

5.      <u>Additional Plaintiffs</u>.  Should counsel for Plaintiffs request in writing that an additional individual be included in this Agreement, and provide Host with proof satisfactory to Host's counsel that said individual has authorized counsel to initiate an individual lawsuit on his her behalf, no statute of limitations on any claim under the FLSA or analogous state law shall run against said individual and the same shall be tolled from the date counsel for Plaintiffs provides proof of the individual's authorization to initiate suit until this Agreement is terminated in accordance with Paragraph (2) above.

6.      <u>Successors</u>.  This Agreement shall bind and benefit each of the parties and their respective predecessors, successors and assigns.

7.      <u>Governing law</u>.  This Agreement shall be governed by and construed and enforced in accordance with the laws of the State of New York.

8.      <u>Execution of Counterparts</u>.  Separate counterparts of this Agreement may be executed by the parties with the same force and effect as if all such parties had executed a single copy of this Agreement.

9.     <u>Authority to Bind</u>.   Each person executing this Agreement represents and warrants that he has been authorized to enter into this Agreement on behalf of the party on whose behalf he signed and that signatory has full and complete authority to do so.

10.     <u>Confidentiality</u>.   The parties and their attorneys shall keep the terms of the Agreement confidential, and shall not disclose such terms to anyone unless required to disclose such information by court order or to enforce this Agreement.

11.     <u>Notices</u>.   Any notice, request, instructions or other document to be provided hereunder by either party to the other shall be in writing and delivered personally or mailed by certified mail, postage prepaid, return receipt requested (such personally delivered or mailed notice to be effective on the date actually received) or by electronic means as follows:

*If to Plaintiffs, address to:*

Seth R. Lesser, Esq.
Klafter Olsen & Lesser LLP
Two International Drive, Suite 350
Rye Brook, NY 10573
Telephone:  (914) 934-9200
Facsimile:  (914) 934-9220
Email:  Seth@klafterolsen.com

*If to Host, address to:*

Patrick M. Muldowney, Esq.
Baker & Hostetler, LLP
200 South Orange Ave.
SunTrust Center, Suite 2300
Orlando, FL 32801
Telephone:  (407) 649-4689
Facsimile:  (407) 841-0168
Email: pmuldowney@bakerlaw.com

DATED:  July 30, 2015          "PLAINTIFFS"

By: _____
        Seth R. Lesser, Esq.

DATED:  _____7/31_____, 2015        "HOST"

By: _____
        Patrick M. Muldowney, Esq.

Exhibit C

**NOTICE OF PROPOSED SETTLEMENT
AND CONSENT TO JOIN IN SETTLEMENT**

*Easton Stevens v. HMSHost Corporation et al.*

**United States District Court for the Eastern District of New York**

**Case No. 1:10-cv-3571-ILG-PK**

To:_____

You have received this Notice because you previously had filed a consent to join the above-mentioned matter.  As a result, you are eligible to participate in the settlement described in this Notice.

By order of the Honorable I. Leo Glasser, in *Easton Stevens v. HMSHost Corporation et al.,* United States District Court for the Eastern District of New York*,* Case No. 1:10-cv-3571-ILG-PK (the "Action") entered on **[preliminary approval date],** you are hereby notified that a settlement has been reached between the parties in the Action.

Pursuant to the terms of the settlement, the Parties estimate your settlement award will be $_____.  The actual amount of your settlement award could be more or less than this estimated amount, depending on a number of factors, including the award of costs and attorneys' fees associated with the settlement.  This Notice is to advise you of your rights and how you can participate in this settlement if you so choose.  You have a right to participate in this settlement without fear of retaliation by your employer.

## I.      BACKGROUND OF THE CASE

Plaintiff, Easton Stevens, who is a former assistant manager of Defendant Host Services of New York, Inc., filed the instant action against Defendants alleging failure to pay overtime compensation in violation of the federal Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") and, accordingly, owed him and other similarly classified assistant managers overtime.  Defendants asserted that Plaintiff and all other assistant managers were exempt and from the minimum wage and overtime compensation requirements of the FLSA and NYLL.

Plaintiff sought to proceed on his FLSA claim as a collective action on behalf of alleged similarly situated employees throughout the United States (except for California).  This Court granted Plaintiff's motion to conditionally certify a class on June 15, 2012, and approximately 275 individuals ultimately filed notices of consent to join the action.  On August 27, 2014, the Court granted Defendants' motion to decertify the class; however, since then, a number of the former opt-ins – still represented by Plaintiff's lawyers – have filed individual actions alleging the same FLSA violations as alleged in the Action in various courts throughout the country.

After extended good-faith negotiations, the Parties have reached agreement in principle on a settlement that will address not only Plaintiff's claims herein, but those of all former opt-ins (including all other active lawsuits and the claims of the former opt-ins who are subject to the

tolling agreement).  Since you were one of those former opt-ins, you have the opportunity to participate in the settlement and receive a monetary award, as explained more fully below.

The settlement represents a compromise and settlement of highly disputed claims. Nothing in the settlement is intended or will be construed as an admission by Defendants that the claims in the Action have merit or that Defendants have any liability to Plaintiff or to the other former opt-ins. Plaintiff and Defendants, and their respective counsel, have concluded and agree that, in light of the risks and uncertainties to each side of continued litigation, the settlement is fair, reasonable and adequate, and is in the best interests of the former opt-ins and Defendants.

## II.      SUMMARY OF THE PROPOSED SETTLEMENT

### A.      Settlement Formula

The gross settlement amount is One Million Two Hundred Ninety Thousand Dollars ($1,290,000) (the "Gross Settlement Amount").

The following sums have been or will be paid from the Gross Settlement Amount: (1) attorneys' fees to Plaintiff's counsel of up to $_____, subject to approval of the Court; (2) litigation expenses and costs of Plaintiff's counsel approved for reimbursement by the Court in an amount up to $_____; and (3) a reasonable amount to the Settlement Administrator for the cost of administering the settlement in an amount not to exceed $_____.  The amount of the Gross Settlement Amount remaining after subtracting these payments is called the "Net Settlement Amount," which will be distributed to the former opt-ins who sign and submit this form ("Participating Individuals").

The individual settlement payments to Participating Individuals will be calculated as follows: (1) Plaintiff's counsel will calculate the amount paid to Plaintiff and each individual who subsequently filed a lawsuit or is subject to the tolling agreement referenced above based upon the workweeks worked by said individuals; and (2) Plaintiff's counsel will allocate the amount of $400 for each individual who previously opted into this case but neither filed a subsequent lawsuit nor is subject to the tolling agreement. The individual settlement payments will be reduced by any required deductions for each individual as set forth in the Parties' Settlement Agreement, including employee-side tax withholdings or deductions.

**To participate in the settlement and receive your award**, you must sign the accompanying consent form and return the consent to the Settlement Administrator, as described below. The signed form must be signed, dated, and returned postmarked on or before _____, 2016, by first class U.S. mail, or the equivalent, to:

Simpluris

Do not use a postage meter as that may not result in a postmark appearing on the envelope containing your request for inclusion.

7

609351966.1

Any individual who fails to submits a signed, dated and timely request for inclusion will receive no payment from the settlement and will be barred from participating in any portion of the settlement.

### B.    Release of Claims

In addition to signing and returning the accompanying consent form, you must sign the General Release that accompanies this form and return it with this form to the Settlement Administrator.

### C.    Reasonableness of Settlement

Plaintiff and his counsel support this settlement.  Among the reasons for their support are the defenses to liability potentially available to Defendants, the prior denial of class certification, the inherent risk of trial on the merits, and the delays and uncertainties associated with litigation.

## III.    EFFECT OF THE SETTLEMENT

### A.    Released Rights and Claims

The settlement is intended to settle the released claims against the Defendants and other persons released in the General Release that Plaintiff has asserted in this Actions.

If you fail to submit a signed, dated and timely request for inclusion and General Release, you will receive no payment from the settlement and will be barred from participating in any portion of the settlement. If the settlement is not approved by the Court or does not become final for some other reason, the Action may continue.

### B.    Payments to Former Opt-Ins

Your individual settlement payment is expected to be paid within twenty (20) business days after the final judicial approval of the Settlement Agreement.

## IV.    FINAL SETTLEMENT APPROVAL HEARING

The Court will hold a hearing in **[courtroom** ] , on **[final hearing date to be inserted]**, at **[time to be inserted]**, to determine whether the settlement should be finally approved as fair, reasonable, and adequate. The Court also will be asked to rule on Plaintiff's counsel's request for attorneys' fees and reimbursement of documented litigation costs and the Settlement Administrator's request for payment of its fees and costs.

The hearing may be continued without further notice to you. It is not necessary for you to appear at the final approval.

8
609351966.1

## V.       ADDITIONAL INFORMATION

The above is a summary of the basic terms of the settlement. For the precise terms and conditions of the settlement, you should review the detailed Settlement Agreement which is on file with the Clerk of the Court. The pleadings and other records in the Action may be examined at any time during regular business hours at _____.

If you have questions about the settlement, you may contact the Settlement Administrator. The contact information for the Settlement Administrator is:

**Simpluris.**

**PLEASE DO NOT TELEPHONE THE COURT OR THE OFFICE OF THE CLERK FOR INFORMATION REGARDING THIS SETTLEMENT**.

609351966.1

## *CONSENT TO PARTICIPATE IN SETTLEMENT*

### *Easton Stevens v. HMSHost Corporation <u>et al</u>.*

### United States District Court for the Eastern District of New York

### Case No. 1:10-cv-3571-ILG-PK

**I HEREBY WISH TO JOIN THIS CASE AND PARTICIPATE IN THE SETTLEMENT OF THIS ACTION IN ACCORDANCE WITH THE TERMS SET FORTH IN THE NOTICE OF PROPOSED SETTLEMENT AND CONSENT TO JOIN IN SETTLEMENT:**

_____

**Signature**

_____

**Print Name**

_____

**Date**

# Exhibit D

## **GENERAL RELEASE**

In exchange for the mutual promises and the other good and valuable consideration set forth in the Parties' Settlement Agreement ("Settlement Agreement"), the receipt and sufficiency of which is hereby acknowledged, Plaintiff _____, expressly, knowingly, and voluntarily agrees as follows:

1.     Plaintiff initially was a party to *Easton Stevens v. HMSHost Corporation et al.*, Case No. 1:10-cv-3571-ILG-PK, which was filed in the United States District Court for the Eastern District of New York ("the Civil Action"), claiming, *inter alia*, that HMSHost Corporation, Host International, Inc., and Host Services of New York, Inc., violated the overtime provisions of the Fair Labor Standards Act ("FLSA").  During the course of the Civil Action and related litigation, Plaintiff, by and through counsel, raised, or threatened to raise, unpaid overtime claims against the above-mentioned companies, as well as HMSHost Tollroads, Inc. (collectively, "Defendants").

2.     The Parties have executed a Settlement Agreement, agreeing to settle the Civil Action and other related actual or threatened litigation.  Notwithstanding this settlement, Defendants deny that they are liable to Plaintiff under the allegations set forth in the Civil Action or any related litigation.  Plaintiff acknowledges that Defendants' settlement of the Civil Action and all other related actual or threatened litigation does not constitute an admission of liability or an admission of any wrongdoing by any Defendant now or at any time

3.     Plaintiff has been fully informed about the terms and conditions of this Release and the Parties' Settlement Agreement by Plaintiffs' counsel, Klafter, Olsen & Lesser LLP. After carefully considering both the Release and the Settlement Agreement, Plaintiff has elected to participate in the settlement and to execute this Release.  By executing this Release, Plaintiff understands the terms and conditions of both the settlement and the Release, knows that Plaintiff is giving up important rights, has elected to participate in the settlement and signed the Release knowingly and voluntarily, and that the election to participate in the settlement and the execution of this Release is not the result of any fraud, duress, mistake, or undue influence whatsoever. Plaintiff further represents and warrants that Plaintiff has not relied on any inducements, promises, or representations by Defendants or any other person, other than the terms and conditions set forth in this Release and the Parties' Settlement Agreement.  By executing this Release, Plaintiff agrees that Plaintiff's counsel may dismiss Plaintiff's claims with prejudice in the Civil Action and other related pending litigation.

4.     Plaintiff on Plaintiff's behalf and for Plaintiff's spouse, heirs, executors, administrators, representatives and assigns, irrevocably and unconditionally forever releases and discharges releases Defendants and their parent, subsidiary and affiliated companies, and their agents, officers, shareholders, directors, employees, successors and assigns, related or affiliated companies' predecessors and successors; and, with respect to each such entity, all of its past and present employees, officers, directors, stockholders, owners, representatives, assigns, attorneys, agents, insurers, employee benefit programs (and the trustees, administrators, fiduciaries and insurers of such programs) and any other persons acting by, through, under or in concert with any of the persons or entities listed in this Paragraph, and each and all of the foregoing (collectively "Releasees") individually and collectively, from all Claims.  Claims refers to and

607870542.1

includes any and all pending or future claims, charges, demands, causes of action, damages, complaints, expenses and compensation which Plaintiff now has or may in the future have, or which any person or entity may have on his/her behalf (a) on account of or arising out of any matter or thing which has happened, developed or occurred before the date of this Agreement; and/or (b) arising from Plaintiff's employment with any of the Releasees, his/her separation from employment with any of the Releasees, his/her other relationships and dealings with the Releasees, and Plaintiff's separation from such other relationships or dealings; and/or (c) asserted in the Civil Action or related litigation; and/or (d) under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, or any similar or corresponding federal, state, or local wage and hour law, rule, or regulation; and/or (e) for unpaid compensation, overtime, or wages; and/or (f) for retaliation of any kind; and/or (g) arising out of or under the common law contract or tort; and/or (h) any other claims that may have arisen under any federal, state or local law or regulation prohibiting retaliation or discrimination on the basis of race, color, national origin, religion, gender, disability, age, marital status, sexual orientation, gender identity, genetic information or any other protected characteristic, and/or any other action or claim under any Federal, State or local law, rule, regulation, executive order or guideline. Plaintiff hereby waives, discharges and releases all Releasees from any damages or relief of whatever nature or description, including, but not limited to, compensatory and punitive damages and equitable forms of relief, as well as any claim for attorneys' fees or costs, related to any Claims. **PLAINTIFF FURTHER ACKNOWLEDGES AND AGREES THAT THIS IS A GENERAL RELEASE & WAIVER AND THAT, BY SIGNING THIS AGREEMENT, HE/SHE IS SIGNING AND AGREEING TO SUCH A GENERAL RELEASE & WAIVER.**

5.      Plaintiff agrees not to sue any of the Releasees with respect to any matter described in paragraph 4, above and to dismiss promptly any litigation he or she may currently have against the Releasees with respect to any such matters. By entering into this Release, Plaintiff waives (to the maximum extent possible by law) any right to commence, join or participate in any action or proceeding arising from or related to any act or omission by Defendants and/or the other Releasees that occurred on or prior to the date he or she executed this Release, including, but not limited to, any right to participate in the settlement or remedy of any action (including, but not limited to, any class, collective or other form of representative action) brought by any other individual, the U.S. Secretary of Labor, the U.S. Equal Employment Opportunity Commission, or any other federal, state or local governmental agency. The provisions of this paragraph shall not bar Plaintiff from filing an action with respect to the enforcement or interpretation of this Release or the Settlement Agreement, or from participating in any action or proceeding in which he or she is compelled lawfully to do so pursuant to a court order or subpoena. Nothing in this Agreement is intended to prevent Plaintiff from cooperating in a federal, state or local investigation.

6.      To the extent that Plaintiff is no longer is employed by Defendants, Plaintiff disclaims and waives any right of reinstatement of future employment with Defendants, the other Releasees, or any of their successors or assigns, and further agrees not to seek employment with Defendants, the Releasees or any of their successors and assigns, now or at any future time. This Agreement shall constitute a legitimate, nondiscriminatory reason and non-retaliatory reason for refusal to employ Plaintiff.

607870542.1

7.      Plaintiff shall keep the fact, terms and amount of the settlement in strict confidence and, except as required by law, or pursuant to a court order from a court of competent Jurisdiction, agrees not to disclose the settlement to any person or entity other than Plaintiff's spouse, accountant, or income tax preparer, all of whom shall also keep this matter confidential. All that Plaintiff may divulge about the restitution of this matter is that it has been resolved amicably without admission of liability by any Defendant.

_____
Signature

Plaintiff Name: _____

Last Four of Social Security Number: _____

607870542.1