# Exhibit 1

## Settlement Agreement

This Settlement Agreement (the "Agreement") is executed on July 20, 2016, and sets forth the terms respecting settlement of claims (the "Settlement") by and between the Named Plaintiff and Putative Opt-ins (collectively, the "Plaintiffs") in *Easton Stevens v. HMSHost Corporation et al.*, Case No. 1:10-cv-3571-ILG-PK (E.D.N.Y.) ("*Stevens*"), represented by Klafter Olsen & Lesser LLP ("KOL"), and HMSHost Corporation, Host International, Inc., Host Services of New York, Inc., and HMSHost Tollroads, Inc. (collectively "Host"), represented by Baker & Hostetler LLP. Plaintiffs and Host are collectively referred to as the "Parties."

### RECITALS

**A.** The Named Plaintiff, a former assistant manager employed by Host Services of New York, Inc., filed *Stevens* in the United States District Court for the Eastern District of New York, claiming that Host improperly misclassified him as an exempt employee under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") and, accordingly, owed him and other similarly classified assistant managers overtime compensation;

**B.** In its Answer to the Named Plaintiff's Complaint, Host denied that either the Named Plaintiff or any other assistant manager was improperly classified as exempt;

**C.** The Court subsequently granted conditional certification of the case as an FLSA collective action, and approximately 275 individuals, Putative Opt-Ins for purposes of this Settlement, filed notices of consent to join the action. Thereafter, however, the court granted Host's motion to decertify the class;

**D.** Since decertification, a number of the Putative Opt-Ins – still represented by KOL – have filed individual actions alleging the same FLSA violations as alleged in *Stevens* in various courts throughout the country. At the time that the Parties first reached an agreement in principle on this matter, there were sixteen (16) such lawsuits that are active, involving thirty-six (36) Putative Opt-Ins in fifteen (15) different jurisdictions (collectively, the "Spin-Off Plaintiffs"). A listing of the cases and the Spin-Off Plaintiffs is contained in Exhibit "A.";

**E.** Moreover, there are twenty-six (26) additional Putative Opt-Ins who have expressed a desire to file their own individual lawsuits, but who have not yet done so in accordance with a tolling agreement executed by counsel for the Parties (the "Tolled Plaintiffs"). A listing of the Tolled Plaintiffs is contained in Exhibit "B"; and

**F.** The Parties have negotiated a settlement in good faith and are entering into this Agreement for the purposes of settling, compromising and resolving any and all claims that all of the Plaintiffs (including Spin-Off Plaintiffs, Tolled Plaintiffs, and Opt-Ins (those individuals who opted into *Stevens* but are not the Named Plaintiff, Spin-Off Plaintiffs, or Tolled Plaintiffs)) may have against Host.

**G.** In the interest of judicial economy and efficiency, the Parties have agreed to seek judicial approval of their settlement. The Parties have sought approval by the *Stevens* court;

should that court refuse to approve the settlement in full, the Parties will seek approval in one or more alternate courts.

**NOW, THEREFORE,** in consideration of the mutual covenants and promises set forth below and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties expressly, knowingly and voluntarily agree as follows:

1. Settlement Payment. Subject to the terms of this Agreement, KOL, for and on behalf of Plaintiffs, has agreed to accept from Host a single combined payment of the amount of $1.29 million, inclusive of attorneys' fees and costs (the "Settlement Payment"), in settlement and full satisfaction of the claims against Host asserted by Plaintiffs. In no event will Host's liability under this Agreement exceed the amount of the Settlement Payment.

2. Allocation of Settlement Payment. The allocation of the Settlement Payment will be based upon information concerning the workweeks of the Named Plaintiff, the Spin-Off Plaintiffs, and the Tolled Plaintiffs provided by Host. In addition to computing the above allocation, KOL will allocate the amount of $400 for each Opt-In. The Named Plaintiff, Spin-Off Plaintiffs, Tolled Plaintiffs, and Opt-Ins shall be jointly referred to as "Plaintiffs."

3. Settlement Administration and Notice Cost. The costs of notice and claims administration shall be paid by KOL out of the Settlement Payment. The settlement will be administered by Simpluris ("Settlement Administrator"). KOL and Defendants' counsel will reach an agreement as to the form and content of all communications that the Settlement Administrator will disseminate.

4. Judicial Approval of Settlement. Host has provided a draft motion and form of order by which the Parties will in good faith jointly seek: (a) preliminary judicial approval of the Settlement; (b) approval of the Notice of Proposed Settlement of Lawsuit to be sent to the Plaintiffs ("Notice") (in the form attached hereto as Exhibit "C"); and (c) the setting of a final fairness hearing for the purpose of determining whether the settlement should be finally approved by the Court as fair, reasonable, and adequate. Plaintiffs approve of the same. As soon as practicable following the Court's preliminary approval of this Settlement Agreement and attached Notice, KOL will provide a copy of the Notice of Proposed Settlement to the Named Plaintiff, Spin-Off Plaintiffs and Tolled Plaintiffs. As to the Opt-Ins, the Settlement Administrator will send a Notice via First Class United States mail, postage prepaid to each such Plaintiff at the addresses supplied by KOL. The named Plaintiff, Spin-Off Plaintiffs, Tolled Plaintiffs, and Opt-Ins shall be given 60 days from the date of the mailing of the Notice in which to submit the documentation required (if any) to receive payment under this Settlement Agreement. The Parties agree to petition the Court to hold a final fairness hearing and to enter a Final Judgment and Order dismissing this action with prejudice on a date to be scheduled by the Court.

5. Stay of Pending Litigation. The parties agree to an immediate suspension of all litigation activities. Plaintiffs and KOL agree to cease all solicitation activities and any assistance thereto.

6. <u>Plaintiffs' Establishment of Contingency Fund</u>. From the Initial Payment, Plaintiffs shall allocate $5,000.00 to a contingency fund. Monies from this fund will be used, if necessary, to provide a settlement payment to any Plaintiff who did not timely choose to participate in the Settlement. Any remaining balance in the contingency fund as of 30 days after Settlement Payments are issued pursuant to paragraph 10 shall be contributed as a donation to a 501(c)(3) non-profit organization as reasonably designated by KOL and Host.

7. <u>Plaintiffs' Approval of Settlement</u>. Treatment of Settlement Payment Allocated to Non-settling Plaintiffs.

   a. KOL will recommend the terms of the Settlement to the Named Plaintiff, Spin-Off Plaintiffs, and Tolled Plaintiffs and, to the extent KOL is approached, to the Opt-Ins, and KOL will provide to Defendants written acceptances and releases executed by Named Plaintiff, the Spin-Off Plaintiffs and Tolled Plaintiffs. The Settlement Administrator shall collect and provide to Defendants written acceptances and releases from the Opt-Ins. Should the Named Plaintiff, or any number of the Spin-Off Plaintiffs or Tolled Plaintiffs, or more than 10% of the Opt-Ins fail to execute and deliver written acceptances and releases by the deadline for submitting documentation to receive payment under the settlement set forth in paragraph 4, above, Defendants shall have the right, in their sole discretion, to rescind this Agreement in accordance with the terms of paragraph 14, below.

   b. The claims of Plaintiffs who do not elect to participate in the Settlement will be dismissed. The Settlement Payment those Plaintiffs would have received will be reallocated to the Plaintiffs who elect to participate in the Settlement.

8. <u>Release</u>. Plaintiffs wishing to accept the Settlement shall execute a release (including, without limitation, a release of all FLSA and other wage and hour claims under federal, state and common laws) in favor of Host and all other persons, companies or other entities identified in said release. A copy of the form of the release is attached hereto as Exhibit "D."

9. <u>Plaintiffs' Characterization of Settlement Payment</u>. The Settlement Payment paid to Plaintiffs (as opposed to that portion of the Settlement Payment paid to KOL) will be characterized by Plaintiffs in two ways. One hundred dollars ($100) of the amount will be paid and reported as payment in exchange for a Plaintiff executing a release with each Plaintiff receiving an IRS Form 1099. As to the remaining amount, half will be paid and reported as wages for tax purposes with each Plaintiff receiving an IRS Form W-2 for this portion of the Settlement Payment. The other half of such amounts will be paid and reported as liquidated damages with each Plaintiff receiving an IRS Form 1099. A claims administrator selected by Host and KOL shall be responsible for calculating the amounts of withholding. Host shall be responsible for the calculation and payment of the employer's share of payroll taxes.

3

609815286.4

10. <u>Payment of Settlement Amount</u>. Host shall cause to be paid the Settlement Payment within twenty (20) business days of the final judicial approval of this Agreement. All such payments shall be paid to the Settlement Administrator selected by Host and KOL, and said administrator shall receive and hold such funds in trust for and on behalf of Plaintiffs, to be distributed strictly in accordance with the terms of this Agreement.

11. <u>No Admission of Liability</u>. The Parties stipulate that the Settlement reflects a settlement of disputed and contested claims and issues and does not reflect or in any way shall be deemed to be an admission of liability or wrongdoing by any Party.

12. <u>Confidentiality</u>. Plaintiffs (on their own behalf and on behalf of their counsel) agree that neither they nor their counsel shall disclose, publicize or make public statements about this settlement or its terms, except as required by law to secure approval of this settlement. After Final Approval, Plaintiffs' counsel may disclose facts related to this action and settlement to the extent allowed by rules of professional responsibility.

13. <u>No Re-Employment</u>. To the extent that a Plaintiff no longer is employed by Host, that Plaintiff disclaims and waives any right of reinstatement of future employment with Host, the Releasees (as defined in the release signed by Plaintiff) or any successors or assigns thereof, and further agrees not to seek employment with Host, the Releasees, or any successors and assigns thereof, now or at any future time. This Agreement shall constitute a legitimate, nondiscriminatory reason and non-retaliatory reason for refusal to employ a Plaintiff.

14. <u>Effective Date; Host's Right of Rescission</u>.

   a. The Settlement shall be effective on the "Effective Date," which shall be the later of the date on which the Parties execute this Agreement or when it is approved by the Court.

   b. In the event KOL fails to obtain the Plaintiffs' approval of the Settlement as required by paragraph 7 hereof, Host may, in its sole discretion:

      i. waive such condition; or

      ii. declare KOL and Plaintiffs to be in default of the Settlement and rescind the Settlement, in which case all amounts paid to KOL and/or Plaintiffs prior thereto shall be disgorged and repaid to Host, and all claims released pursuant to the terms hereof shall be reinstated as if the Settlement had not occurred.

   c. In the event the Settlement is not approved by the Court, or the Court does not agree to resolve all cases (including claims of the Spin-Off Plaintiffs or Tolled Plaintiffs), the Settlement shall be voidable by either party, in which event Plaintiffs' claims shall be reinstated (to the extent that they exist at all) against Host.

4

    c.    Subsequent to the Effective Date, and in the event of a breach of the Settlement by Host, Plaintiffs and KOL shall have the rights and remedies afforded them by law.

    d.    In the event the Settlement is avoided by a final and non-appealable order of a court of competent jurisdiction and KOL and/or the Plaintiffs are required to, and do, disgorge all amounts received from Host prior thereto, Plaintiffs' claims against Host, to the extent that they exist as of the date this Agreement is signed, shall be deemed reinstated as if the Settlement had not occurred.

    e.    The lawsuits involving the Spin-Off Plaintiffs having been dismissed, upon the Effective Date, the *Stevens* lawsuit will be dismissed with prejudice, with each party to bear his, her, or its own costs and attorney fees.

**PLAINTIFFS:**

By: _____
Seth R. Lesser
**KLAFTER OLSEN & LESSER LLP**
Two International Drive, Suite 350
Rye Brook, New York 10573

**DEFENDANTS:**

By: _____
Patrick M. Muldowney
**BAKER & HOSTETLER LLP**
200 South Orange Avenue, Suite 2300
Orlando, Florida 32801