**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------X
Easton Stevens, et al.,                                  :
                                                         :
              Plaintiffs,              : Civil Action No. 1:10-cv-03571-ILG-PK
                                                         :
      -vs-                                               :
                                                         :
HMSHost Corporation, et al.,                             :
                                                         :
              Defendants.              :
-------------------------------------------------------------X

**MEMORANDUM IN SUPPORT OF THE PARTIES' JOINT MOTION FOR FINAL**
**APPROVAL OF THE SETTLEMENT, AN AWARD OF ATTORNEYS' FEES AND**
**EXPENSES, AND PAYMENT OF THE CLAIMS ADMINISTRATOR'S EXPENSES**

Plaintiff Easton Stevens on his own behalf and on behalf of the Settlement Class and

Defendants respectfully move this Court to enter an order:

(1)    Finally approving the settlement of this action as a fair and reasonable resolution

       of a *bona fide* dispute;

(2)    Approving an award of attorneys' fees and costs, in the amounts of $475,000

       (fees) and $136,274.64 (costs and expenses);

(3)    Approving service award payments to each of the Named Plaintiff in the amount

       of $17,000; and

(4)    Approving payment to the Claims Administrator, Simpluris, in an amount

       expected to be up to, but not more than, $7,825.00 for effectuating the

       administration of the Settlement.

As the Court is aware, in sum, this is an overtime case under the Fair Labor Standards

Act ("FLSA"), and after years of litigation, the proposed $1.29 million Settlement would provide

a recovery for Mr. Stevens; the "Spin-Off Plaintiffs" (i.e., those 36 individuals who filed individual actions in 15 federal district courts following decertification in this action); the "Tolled Plaintiffs" (i.e., those 26 individuals who entered into a tolling agreement with Defendants in lieu of filing their own spin-off cases); and those additional individuals (referred to herein as the "Opt-Ins") who have re-opted into this case following the Court's Order of November 1, 2016 (Dkt. No. 212) preliminarily approving the Settlement and ordering the issuance of notice.[1]

The parties are mindful of the Court's direction that they should not repeat themselves in written submissions. Accordingly, rather than repeat the arguments in their preliminary approval memorandum to the Court, where they set forth the standards for ultimate approval of the Settlement in light of the history and issues presented in the litigation, the parties incorporate those arguments by reference. Therein, the Parties addressed the standards for approval of a FLSA settlement (pages 9-16); of the requested award of attorneys' fees and costs (pages 16-23); of the requested service award (page 24); and of the Claims Administrator's request for payment of its fees and expenses in effectuating the Settlement notice and administration (page 23).

In this brief submission, however, the parties wish to draw the Court's attention to several developments since preliminary approval that further support the requested relief.

As set forth in the Declaration of Seth R. Lesser, Mr. Stevens and every single one of the Spin-Off and Tolled Plaintiffs have returned a signed Consent to Participate in the Settlement, as well as a Release. The fact that every one of Mr. Stevens, the Spin-Off Plaintiffs, and the Tolled Plaintiffs believed it was in their interest to consent to the Settlement weighs heavily in favor of

---

[1] The history of the litigation and the terms of the Settlement are set out at pages 1-8 in Docket No. 205-1, the parties' memorandum in support of preliminary notice, and are not repeated here to avoid unnecessary repetition.

approval.  My office has received overwhelmingly positive and affirmative comments from these individuals.

Further, as set forth in the Declaration of Stephen Gomez, notice of the Settlement was sent to the 204 Opt-Ins.  Original notice was sent and then a reminder postcard was sent to individuals would did not return their Consent to Join the Settlement and Release.  Gomez Decl. ¶¶ 9-10. Ultimately, 114 out of 204 individuals joined the settlement.  *Id.* ¶ 12.  When the Opt-Ins are considered alongside Mr. Stevens, the Spin-Off Plaintiffs, and the Tolled Plaintiffs—100% of whom consented to the Settlement, 66% of eligible individuals accepted the Settlement. This strongly weighs in favor of approval.

Finally, in terms of Plaintiffs' Counsel's Unopposed Fee Award, Plaintiffs note that since the Court issued preliminary approval, Plaintiffs' Counsel has spent additional time reaching out to Mr. Stevens, the Spin-Off Plaintiffs, and the Tolled Plaintiffs, including answering questions by phone and email.  At the time of preliminary approval, Plaintiffs' Counsel's fee request represented a substantial negative multiplier of 29%.  The additional time expended on the case since preliminary approval, and the additional time hereafter to be spent in effectuating the terms of the Settlement (*see* Docket No. 205-1 at 17-18, addressing this point) would lower this number further, and provide additional support for Plaintiffs' fee request.

<u>**CONCLUSION**</u>

For the foregoing reasons and the reasons set forth in the parties' preliminary approval motion, the Parties respectfully request that this Court finally approve the Settlement and the request attorneys' fees and costs, service award and claims notice and administration costs..

Dated: January 19, 2017                                    Respectfully submitted,

                                                    By: /s/ Seth R. Lesser
                                                        Seth R. Lesser

E-mail: *seth@klafterolsen.com*
Fran L. Rudich
E-mail: fran@klafterolsen.com
Michael H. Reed
E-mail: michael.reed@klafterolsen.com
**KLAFTER OLSEN & LESSER LLP**
Two International Drive, Suite 350
Rye Brook, NY 10573
Telephone: (914) 934-9200
*Attorneys for Plaintiff*


/s/Patrick M. Muldowney
Patrick M. Muldowney
E-mail: pmuldowney@bakerlaw.com
**BAKER & HOSTETLER LLP**
200 South Orange Avenue
SunTrust Center, Suite 2300
P.O. Box 112
Orlando, FL 32802-0112
Phone: (407) 649-4000
Fax: (407) 841-0168


Gregory V. Mersol
**BAKER & HOSTETLER LLP**
3200 PNC Center
1900 East Ninth Street
Cleveland, OH 44114-3485
Telephone: (216) 621-0200
Facsimile: (216) 696-0740
gmersol@bakerlaw.com


Margaret Rosenthal
**BAKER & HOSTETLER LLP**
12100 Wilshire Boulevard, 15th Floor
Los Angeles, CA 90025-7120
Telephone: (310) 820-8800
Facsimile: (310) 820-8859
mrosenthal@bakerlaw.com


*Attorneys for Defendants*